HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN KENDAL,<br><br>               Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY HUMAN SERVICES AGING & DISABILITY RESOURCES,<br><br>               Defendant. | CASE NO. C20-5148RBL<br><br>ORDER |

THIS MATTER is before the Court on pro se Plaintiff Kendal's Motion for Leave to Proceed *in forma pauperis*, supported by her proposed complaint [Dkt. # 1]. Kendal's complaint is difficult to follow, but she apparently is a former employee of Defendant Pierce County. She apparently complained about discrimination and retaliation to the EEOC and received a right to sue letter. Kendal asserts claims for "unfair practices" under RCW 49,60,180, for race discrimination under RCW 49.60.030, and for retaliation in violation of Title VII.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee). It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's

complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

In exceptional circumstances, the court may ask an attorney to represent any person unable to afford counsel under 28 U.S.C. § 1915(e)(1). *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Kendal has established her indigency, but she has not alleged a plausible claim against her former employer. Her narrative does not include factual allegations supporting a claim of discrimination based on race or any other attribute, and she has not described a plausible case of retaliation. Instead, her complaint is conclusory and incomplete. ("Ms. Kendal was terminated as of January 13th 2020 due to engaging in protective act.") There is no "who what when where and why" story which, if true would amount to a plausible discrimination or retaliation claim. Kendal has not described what role Pierce County had in any of the "he said, she said" interactions she

had with named but non-party co-workers. Those conversations do not establish any racial discrimination or retaliation. She has not described her job, or the reason her employer claimed it terminated her, or anything amounting to racial discrimination or retaliation. She has not identified what protected conduct she engaged in, or who retaliated against her for engaging in it. She has not described a plausible claim.

Her motion for leave to proceed *in forma pauperis* is **DENIED**. She shall pay the filing fee or file a proposed amended complaint within **21 days** of this Order, or the case will be dismissed without further notice. Any proposed complaint should address these shortcomings and describe in chronological order what happened and why it is actionable in this Court.

The Motion for Appointment of Counsel is also denied; if Kendal states a plausible claim and is granted *in forma pauperis* status, the court may re-visit that issue.

IT IS SO ORDERED.

Dated this 2nd day of March, 2020.

Ronald B. Leighton
United States District Judge