UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN KENDAL,<br><br>        Plaintiff,<br><br>   v.<br><br>PIERCE COUNTY HUMAN SERVICES AGING & DISABILITY RESOURCES,<br><br>        Defendant. | CASE NO. C20-5148BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se Plaintiff Adrian Kendal's "appeal," Dkt. 14, of the Court's Order denying her motion to appoint counsel, Dkts. 12 and 13.

Under Rule 54, an appeal to the Ninth Circuit Court of Appeals may be taken only from a final judgment, at the end of the case, unless the Court permits an interlocutory appeal under 28 U.S.C. § 1292(b). If and to the extent Kendal's filing seeks such permission, it is **DENIED**. The Court will instead construe the filing as a Motion for Reconsideration under Local Rule 7.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b)

ORDER - 1

facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

As the Court explained in its prior order, Dkt. 12, no constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

Kendal has not established either that she is likely to succeed on the merits of her complaint, or that she is unable to articulate her claims pro se. She has not met the standard for the appointment of counsel, and she has not met the standard for the Court to reconsider its prior ruling on this point.

\

\

\

1    The Motion for Reconsideration is **DENIED**. If and to the extent Kendal also

2 seeks the Court's permission to represent herself, such permission is not necessary, but it

3 is granted.

4    **IT IS SO ORDERED.**

5    Dated this 23rd day of February, 2021.

<br>

BENJAMIN H. SETTLE
United States District Judge